## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| E.H., by and through her next friend, Althea Abron ) | |
| ) | **CIVIL ACTION** |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO.:_____ |
| ) | |
| ARTHUR BARRILLEAUX, individually and ) | |
| in his official capacity, BRETT CHATELAIN, ) | |
| individually and in his official capacity, ) | SECTION "____" |
| MARY BETH CROVETTO, individually and in ) | |
| her official capacity, MELISSA MARTIN ) | |
| STILLEY, individually and in her official capacity ) | |
| and TANGIPAHOA PARISH SCHOOL ) | |
| SYSTEM SCHOOL BOARD ) | MAGISTRATE "____" |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Althea Abron as next friend of the minor child E.H. respectfully represents:

### PARTIES

1.

Next Friend, Althea Abron, is an individual of the age of full majority and the mother of

the minor child, E.H., and is a resident and domiciliary of Ponchatoula, Tangipahoa Parish,

Louisiana.

2.

Plaintiff, E.H., is a 14-year-old female minor whom at the time of the actions which are

the subject of this lawsuit was a student at Ponchatoula Jr. High School.

3.

Made Defendant herein is Arthur "Rusty" Barrilleaux (hereinafter "Mr. Barrilleaux"), individually and in his official capacity as a former teacher at Ponchatoula Jr. High School.  Mr. Barrilleaux is an individual of full age of majority and is a resident and domiciliary of Tangipahoa Parish, Louisiana.

4.

Made Defendant herein is Brett Chatelain (hereinafter "Mr. Chatelain") individually and in his official capacity as a former teacher at Ponchatoula Jr. High School.  Mr. Chatelain is an individual of full age of majority and is a resident and domiciliary of Tangipahoa Parish.

5.

Made Defendant herein is Mary Beth Crovetto (hereinafter "Principal Crovetto"), individually and in her official capacity as the Principal for Ponchatoula Jr. High School. Principal Crovetto is an individual of full age of majority and is a resident and domiciliary of Tangipahoa Parish.

6.

Made Defendant herein is Melissa Martin Stilley, (hereinafter "Superintendent Stilley"), individually and in her official capacity as Tangipahoa Parish Superintendent of Schools. Superintendent Stilley is an individual of full age of majority and is a resident and domiciliary of Tangipahoa Parish.

7.

Made Defendant herein is the Tangipahoa Parish School System School Board (hereinafter "School Board"), which is a constitutionally or statutorily created political

subdivision of the State of Louisiana and has the capacity to sue and be sued.  The School Board

and its Office is located in Tangipahoa Parish

## JURISDICTION AND VENUE

### 8.

This Court's jurisdiction is based on 28 USC 1343(3) for these causes of action arising

under 42 U.S.C. 1983 et seq.  This Court's supplemental jurisdiction over the claims arising

under the laws of the State of Louisiana is based on 28 U.S.C. 1367(A) because these claims

arise out of the same incident giving rise to the Plaintiff's federal claims and form part of the

same case or controversy.

### 9.

Venue is proper in this jurisdiction under 28 U.S.C. 1391(b) because most if not all

defendants reside in the Eastern District of Louisiana, and all of the events giving rise to the

claims here stated occurred in the Eastern District.

## COMMON FACTS ALLEGED IN SUPPORT
## OF ALL CAUSES OF ACTION

### 10.

Ponchatoula Jr. High School is a public junior high school located at 315 East Oak Street,

Ponchatoula, LA 70454.  The buildings and area used by Ponchatoula Jr. High School will be

hereinafter referred to as the "school premises."

### 11.

At all relevant times, the School Board and Superintendent Stilley controlled and were

legally responsible for the operation of Ponchatoula Jr. High School; the School Board and

Superintendent Stilley were also legally responsible for the conduct of its employees, including the teachers and administrators at Ponchatoula Jr. High School.

12.

At all relevant times, Principal Crovetto was responsible for the daily functioning of Ponchatoula Jr. High School including hiring and firing of faculty and staff, performance evaluation of faculty and staff, ensuring a climate conducive to education, monitor student achievement, monitor school safety and a multitude of other managerial tasks.

13.

During the 2018-2019 academic year E.H. was a student at Ponchatoula Jr. High School. During that same year, Mr. Barrilleux, Mr. Chatelain, and Principal Crovetto were employed by Superintendent Stilley and the School Board as employees at Ponchatoula Jr. High School.

14.

On Thursday, March 28, 2019, E.H. was attending lunch inside of the Ponchatoula Jr. High School cafeteria. After E.H. finished her lunch, she grabbed her tray, dumped all trash items on the tray and put her tray in a slot to be cleaned. As she placed her tray in the slot, someone threw a food item at E.H. which hit her in the head. E.H. was not injured from this action. E.H. did not see who had thrown the food item as the cafeteria was full of other children.

15.

E.H. left the cafeteria and went to a small courtyard outside the cafeteria where other children identified the child that had hit E.H. with a piece of food inside the cafeteria.

16.

E.H. had long been the victim of bullying while a student at Ponchatoula Jr. High School. Said bullying had been reported to various Ponchatoula Jr. High School teachers and

administrators at least 5 separate times.  As a result of the reported bullying, E.H.'s school

schedule had been changed in weeks leading up to March 28, 2019 in hopes of stopping the

bullying from specific children at the School.

17.

While in the courtyard, E.H and the child that was identified as throwing food at E.H.

came in contact with each other and a conversation ensued.  The conversation continued for

close to a minute then a schoolyard fight ensued between E.H. and the child that allegedly hit

E.H. with food only minutes earlier.  The fight between the two young women lasted for no

longer than 45 seconds before Mr. Chatelain, Mr. Barrilleaux and other school officials arrived

to break up the fight.

18.

Mr. Chatelain grabbed E.H but the other child was able to leave the scene of the

schoolyard fight.  Immediately after the schoolyard fight Mr. Chatelain put E.H.'s hands behind

her back.  E. H. fell to the ground as a result of Mr. Chatelain's forceful restraint of her hands

behind her back.  At this point E.H. is on her stomach with her hands being held behind her back

by Mr. Chatelain.  Mr. Chatelain turned E.H. over placing her back against the ground.

19.

Once E.H. was on her back, Mr. Chatelain and Mr. Barrilleux assaulted and battered E.H.

Their actions were conducted in concert with each other.  During the attack E.H. attempted to

curl up into a ball in the "fetal position".  Mr. Chatelain prevented this and placed his knee in the

chest of E.H.  Mr. Chatelain then alternated between having his hand around E.H.'s throat or

having his forearm on her throat.  At the same time, Mr. Barrilleax was yelling at E.H. that, "you

gon be still or I'm gon stump yo ass in this concrete." [*sic]*



*Figure 1:*  Mr. Chatelain is seen here with his knee in the chest of E.H. on the ground.



*Figure 2:* Shown is Mr. Chatelain with his hand around E.H.'s throat

20.

Mr. Barrilleux got angry with E.H. because she couldn't be still. He continued to yell at E.H. that, "You better be still or imma thump yo ass."[*sic]* While Mr. Chatelain was on top of E.H. with his knee in her chest and his hand around her throat. Mr. Barrilleaux was holding E.H.'s legs and at times dragging her along the concrete by her legs while Mr. Chatelain was on top of her. E.H. continued to yell, "Let me up, Let me up." Mr. Barrilleaux responded by saying, "I 'll do whateva the hell I want if you gon act stupid [*sic*]." Mr. Chatelain and Mr. Barrilleaux continued their assault telling E.H., after she told them she couldn't breath, "I don't give a crap [other word unintelligible]." These men also threatened E.H. telling her, "Imma take yo ass to jail. [*sic*]"

7



*Figure 3:* Pictured is Mr. Chatelain with his knee in E.H.'s chest as Mr.Barrilleaux drags E.H by her leg in front of student and faculty onlookers.



*Figure 4:* Mr. Chatelain holding E.H. to the concrete and Mr. Barrileaux holding E.H.'s leg.



*Figure 5:* Mr. Chatelain is pictured choking and holding down E.H. Mr. Barrileaux is pictured pulling her leg dragging her along the concrete.

Figure 1

21.

During this attack E.H. was thrown around and intentinally brutalized by these two men causing her to hit her head on the concrete several times.  E.H. was grabbed off the ground by these two men and slammed on a table at which time her head hit the table with great force multiple times.  During the course of the attack E.H. slammed her head at least 5 times. Throughout the attack Mr. Chatelain and Mr. Barrilleaux used excessive force against E.H.

22.

After the attack was over the Defendants failed to provide any medical treatment to E.H. and she was taken to the principal's office for her mother to pick her up from school.

23.

Following the attack, E.H. was taken to Children's Hospital in New Orleans, Louisiana at which time she was diagnosed with a concussion.    At the time of this filing, E. H. continues

treatment for post concussive syndrome.  E.H. suffered a traumatic brain injury and other related

injuries as a result of the actions of the Defendants.

24.

Since the attack, E.H. has also exhibited symptoms of Post-traumatic Stress Disorder

("PTSD") as described in the Diagnostic and Statistical Manual of Mental Disorders ("DSM-

V").  These symptoms include difficulty falling and/or staying asleep, difficulty concentrating,

persistently re-experiencing of the attack, etc . . ..

25.

Immediately after the attack by Mr. Chatelain and Mr. Barrilleaux, the School Board,

Principal Crovetto, and Superintendent Stilley took no actions against the two teachers.  Mr.

Chatelain and Mr. Barrilleaux were fired more than a month after the attack of E.H.

## COUNT 1: 42 U.S.C. 1983 and FOURTEENTH AMENDMENT
### PLAINTIFF v. ALL DEFENDENTS

26.

All previous paragraphs of this Complaint are hereby incorporated by reference as if

stated in full herein.

27.

Plaintiff has a constitutional right, under the Due Process Clause of the Fourteenth

Amendment to be free from physical violence, assault and battery at the hands of teachers.

28.

Mr. Barrilleaux and Mr. Chatelain's physical attack of E.H., which have been described

in this Complaint, violated and deprived E.H.  of her constitutional right under the Fourteenth

Amendment to personal security, to bodily integrity, and to be free from violence at the hands of school officials.

29.

Mr. Barrilleaux and Mr. Chatelain are personally liable to E.H. for violating her constitutional rights under the Fourteenth Amendment to personal security, to bodily integrity, and to be free from physical and emotional violence at the hands of school officials. Additionally, Mr. Barrilleaux and Mr. Chatelain used excessive force against E.H.

30.

Principal Crovetto and Superintendent Stilley were acting under the color of law at all relevant times.

31.

Principal Crovetto and Superintendent Stilley are personally liable to E.H. for Mr. Chatelain and Mr. Barrilleaux's violations of E.H.'s constitutional rights under the Fourteenth Amendment because: (a) they were acting under the color of law; (b) they knew or should have known that Mr. Chatelain and Mr. Barrilleaux had a history of confrontational, abusive, and/or violent interactions with students in the past; (c) they exercised deliberate indifference toward the constitutional rights of E.H. by failing to take action that was obviously necessary to prevent an abusive or violent attack by Mr. Chatelain and/or Mr. Barrilleaux; and (d) the violation of E.H.'s constitutional rights were made possible and/or caused by the deliberate indifference of Principal Crovetto and Superintendent Stilley.

32.

The Tangipahoa Parish School System School Board, superintendent Stilley, and Principal Crovetto are liable to E.H. for Mr. Chatelain and Mr. Barrilleaux's violation of E.H.'s

constitutional rights under the Fourteenth Amendment because the unconstitutional actions of Mr. Chatelain and Mr. Barrilleaux were encouraged, approved, caused by, tolerated, permitted, and/or ratified by established customs, policies, practices, or procedures, or the absence thereof, by the Tangipahoa Parish School System School Board and Ponchatoula Jr. High School, including but not limited to:

a.  Failing to adequately investigate the background and employment of teachers;

b.  Failing to train teachers on how to handle fights between students;

c.  Failing to train teachers on inappropriate touching and language to use with students;

d.  Failing to train teachers, principals and other employees on how to safely intervene in altercations between students;

e.  Failing to properly investigate and respond to allegations of excessive force and/or violence perpetrated by school staff;

f.  Deliberate indifference to the rights of students in Tangipahoa Parish School System under the Federal and state constitutions;

g.  Failing to train teachers on how to refrain from violence and properly deescalate during interactions with children; and

h.  Failing to implement any meaningful plan, course, or curriculum to assure student safety from attacks such as the above referenced attack.

## COUNT 2:  NEGLIGENCE
### PLAINTIFF V. SUPERINTENDENT STILLEY, PRINCIPAL CROVETTO, AND SCHOOL BOARD

33.

All previous paragraphs of this Complaint are hereby incorporated by reference as if stated in full herein.

34.

Superintendent Stilley, Principal Crovetto and the School Board are liable to Plaintiff for the damages and injuries caused by their negligent acts and omissions, including but not limited to the following particulars:

a.    Negligent hiring of Mr. Chatelain and Mr. Barrilleaux;

b.    Negligent retention of Mr. Chatelain and Mr. Barrilleaux;

c.    Negligent failure to supervise Mr. Chatelain and Mr. Barrilleaux;

d.    Negligent failure to protect E. H. from assault and battery by school employees;

e.    Negligent failure to establish and enforce policies and procedures regarding intervention in a student fight;

f.    Negligent failure to train on policies and procedures regarding intervention in a student fight;

g.    Negligent failure to train teachers on harmful and/or unconstitutional physical touching;

h.    Negligent failure to train teachers on criminal, harmful and/or unconstitutional language used towards a student;

i.    Negligent failure to take timely reasonable actions to respond to the assault and battery on a student;

j.    Other negligent acts and omissions that will be shown at trial.

**COUNT 3:    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PLAINTIFF v. ALL DEFENDANTS**

35.

All previous paragraphs of this Complaint are hereby incorporated by reference as if stated in full herein.

36.

Mr. Chatelain and Mr. Barrilleaux are liable to E.H. for the damages and injuries caused by their intentional and deliberate infliction of emotional distress upon E.H. Mr. Chatelain and Mr. Barrilleaux's deliberate and intentional acts have been previously listed and described including excessive force, abusive language, and/or violence against E.H.

37.

Principal Crovetto, Superintendent Stilley, and the School Board are vicariously liable to E.H. for the intentional acts of Mr. Chatelain and Mr. Barrilleaux because those intentional acts arose out of, and/or were made possible by, their employment as teachers at Ponchatoula Jr. High School.  Mr. Chatelain and Mr. Barrilleaux's actions took place on school premises, during school hours, while they were performing their role as teachers and employees of the School Board.

## Count 4:  ASSAULT AND BATTERY
### PLAINTIFF'S V. ALL DEFENDANTS

38.

All previous paragraphs of this Complaint are hereby incorporated by reference as if stated in full herein.

39.

All Defendants are liable to E.H. for the damages and injuries caused by the assault and battery against E.H. which took place at Ponchatoula Jr. High School on March 28, 2019.  Mr. Chatelain and Mr. Barrilleaux, acting in concert, verbally and physically attacked E.H. putting

her in immediate apprehension of non-consensual harmful touching and subsequently completed

said non-consensual harmful touching.

40.

At all times relevant on March 28, 2019 Mr. Chatelain and Mr. Barrilleaux were acting

within the course and scope of employment with the School Board.

41.

Principal Crovetto, Superintendent Stilley, and the School Board are vicariously liable to

E.H. for the intentional acts of Mr. Chatelain and Mr. Barrilleaux because those intentional acts

arose out of, and/or were made possible by, their employment as teachers at Ponchatoula Jr. High

School.  Mr. Chatelain and Mr. Barrilleaux's actions took place on school premises, during

school hours, while they were performing their role as teachers and employees of the School

Board.

**Count 5: PHYSICAL ABUSE OF A MINOR**
**PLAINTIFF'S V. ALL DEFENDANTS**

42.

All previous paragraphs of this Complaint are hereby incorporated by reference as

if stated in full herein.

43.

All Defendants are liable to E.H. for the damages and injuries caused by the physical

abuse of E.H. which took place at Ponchatoula Jr. High School on March 28, 2019.  Mr.

Chatelain and Mr. Barrilleaux, acting in concert, verbally and physically abusing E.H. causing

permeant impairment and/or permeant physical injury or scarring as stated in La. R. S. 9:2800.9.

44.

La. R. S. 9:2800.9 uses the definition of abuse providing in La. Ch. Code 603(2) which

includes, "the infliction, attempted infliction, or as a result of inadequate supervision, the

allowance of the infliction or attempted infliction of physical or mental injury upon the child by

the parent or any other person.

45.

Principal Crovetto, Superintendent Stilley, and the School Board are vicariously

liable to E.H. for the intentional child abuse of Mr. Chatelain and Mr. Barrilleaux because the

physical abuse of E.H. arose out of, and/or were made possible by, their employment as teachers

at Ponchatoula Jr. High School.  Mr. Chatelain and Mr. Barrilleaux's child abuse took place on

school premises, during school hours, while they were performing their role as teachers and

employees of the School Board.

**DAMAGES**

46.

E.H. has suffered and will continue to suffer, the following damages, injuries, and losses

as a direct and proximate result of Mr. Chatelain and Mr. Barrilleaux's physical and emotional

assault and battery:

a.      Mental pain, suffering, anguish, and embarrassment;

b.      Extreme humiliation and adverse notoriety;

c.      Loss of self-esteem;

    d.        Current and future medical treatment, psychiatric treatment, and/or psychological

counseling;

    e.        Damage to E.H.'s personal reputation;

    f.        Diminished or delayed psychological development

    g.        Legal expenses and other costs; and

    h.        Other economic damages and losses as will be proven at trial.

## REQUEST FOR JURY TRIAL

### 47.

Plaintiff, E.H., by and through her next friend Althea Abron, respectfully requests a trial by jury of all appropriate matters herein.

### 48.

**WHEREFORE**, Plaintiff, E.H., by and through her next friend Althea Abron prays that after due proceedings are had, this Court render a judgment in her favor and against Defendants ordering.

    a.  Defendants to pay compensatory damages to Plaintiff for physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, and mental anguish caused by Defendants;

    b.  Defendants to pay compensatory damages to E.H. for past and future medical, psychological, and/or psychiatric bills and costs;

    c.  Defendants to pay punitive damages to E.H., to the extent they are available under Title 42 U.S.C. 1983;

d.  Defendant to pay general, special, and exemplary damages to E.H. for their wanton and reckless disregard for the rights and safety of E.H;

e.  Defendant's to pay all reasonable costs and attorney's fees incurred by E.H., including any expert's fees that may be incurred at trial of this matter, to the extent they are available under Title 42 U.S.C. 1983;

f.  Judicial interest on the above amounts and awards, where allowed by law, from the date of judicial demand; and

g.  All other equitable and available relief.

Respectfully submitted,

/s/  John S. Williams
JOHN S. WILLIAMS, Esq. (T.A.)
Louisiana Bar No. 32240
The Law Offices of John S. Williams
4164 Canal Street
New Orleans, LA 70119
jwilliams@jswlawoffices.com
(504) 486-0300 ofc
(504) 754-7671 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on 21th day of May 2019, I electronically filed the foregoing with the

Clerk of court by using the CM/ECF system.  A copy of this document as well as a notice of

electronic filing has been personally served on all non-CM/ECF participant Defendants:

Respectfully submitted,


/s/  John S. Williams
JOHN S. WILLIAMS, Esq. (T.A.)
Louisiana Bar No. 32240
The Law Offices of John S. Williams
4164 Canal Street
New Orleans, LA 70119
jwilliams@jswlawoffices.com
(504) 486-0300 ofc
(504) 754-7671 fax