UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| E.H., BY AND THROUGH HER NEXT FRIEND, ALTHEA ABRON | CIVIL ACTION |
| VERSUS | NO. 19-10613-WBV-DMD |
| ARTHUR BARRILLEAUX, ET AL. | SECTION D(3) |

## ORDER

Before the Court are Plaintiff's Motion for Leave to Amend Complaint,[1] Defendants Mary Beth Crovetto, Melissa Martin Stilley, and Tangipahoa Parish School System School Board's Motion to Dismiss for Failure to State a Claim,[2] and Defendants Arthur Barrilleaux and Brett Chatelain's Motion to Dismiss for Failure to State a Claim.[3] After considering the briefs submitted by the parties and the applicable law, Plaintiff's Motion for Leave to Amend Complaint[4] is GRANTED; Motion to Dismiss for Failure to State a Claim[5] by Defendants Mary Beth Crovetto, Melissa Martin Stilley, and Tangipahoa Parish School Board System is

---

[1] R. Doc. 33. This matter is fully briefed. *See* R. Doc. 34 for Defendants Mary Beth Crovetto, Melissa Martin Stilley, and Tangipahoa Parish School System School Board's Response in Opposition. *See* R. Doc. 39 for Plaintiff's Reply.
[2] R. Doc. 14. This matter is fully briefed. *See* R. Doc. 17 for Plaintiff's Response in Opposition. *See* R. Doc. 21 for Defendants' Reply.
[3] R. Doc. 22. *See* R. Doc. 23 for Plaintiff's Response in Opposition.
[4] R. Doc. 33.
[5] R. Doc. 14.

GRANTED; and Motion to Dismiss for Failure to State a Claim by Arthur Barrilleaux and Brett Chatelain[6] is DENIED.

I.  **Background**

Plaintiff submits that on March 28, 2019, E. H., a 14 year old student, was engaged in a fight with another student in the courtyard at Ponchatoula Junior High School.[7] Plaintiff claims that she was accosted by faculty members who "arrived to break up the fight."[8] Mr. Brett Chatelain, a teacher, allegedly grabbed E. H. and put her hands behind her back.[9] E.H. fell to the ground as a result of the forceful restraint. Plaintiff claims that Mr. Chatelain placed his knee in E. H.'s chest and then alternated between having his hand and forearm on her throat. At that time, Mr. Barrilleaux, a teacher, allegedly held E.H.'s legs and dragged her on the concrete while yelling expletives at her. Plaintiff contends that the faculty members grabbed her and slammed her on a table, which resulted in her head hitting the table multiple times: "During the course of the attack[,] E. H. slammed her head at least 5 times."[10] After the incident, E.H. was taken to the Children's Hospital in New Orleans, Louisiana, where she was diagnosed with a concussion.[11]

Plaintiff states that the School Board, Principal Crovetto, and Superintendent Stilley "took no actions against the two teachers," immediately after the incident and

---

[6] R. Doc. 22.
[7] *See* R. Doc. 1, p. 5.
[8] *See id.*
[9] *See id.*
[10] *See* R. Doc. 1, p. 9.
[11] *See id.*

that Mr. Chatelain and Mr. Barrilleaux were not fired until more than a month later.[12] Plaintiff claims that since the "attack," E.H. has exhibited symptoms of Post-Traumatic Stress Disorder ("PTSD").[13]

Plaintiff sued Defendants Arthur Barrilleaux and Brett Chatelain, in addition to the Tangipahoa Parish School Board System, Principal Crovetto, and Superintendent Stilley, claiming 42 U.S.C. § 1983 and Fourteenth Amendment violations, negligence, intentional infliction of emotional distress, assault and battery, and physical abuse of a minor.[14] Defendants maintain that their actions did not rise to the level where the Plaintiff's constitutional rights were violated.

All Defendants filed motions to dismiss[15] for failure to state a claim, and if that argument fails, all Defendants raise the defense of qualified immunity. After Defendants' Motion to Dismiss filing, Plaintiff filed this Motion For Leave to File Amended Complaint.

## II. Legal Standard

Federal Rule of Civil Procedure 15 provides that

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[12] *See* R. Doc. 1, p. 10.
[13] *See id.*
[14] *See* R. Doc. 1.
[15] *See* R. Docs. 14, 22.

> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff filed her complaint on May 21, 2019. A Scheduling Order was issued thereafter and provides that amendments to pleadings shall be filed no later than October 9, 2019, in accordance with Local Rule 7.6.[16] Plaintiff moved to amend her complaint on November 15, 2019, more than a month after the Scheduling Order deadline. Because a Scheduling Order had already issued in this case, Federal Rule of Civil Procedure 16(b)(4) applies, and Plaintiff must show good cause for the scheduling order to be modified.[17] If the Plaintiff can show good cause, the more liberal standard of Rule 15 applies to the Court's decision to grant or deny leave to amend the complaint.[18]

It is within a trial court's discretion to grant or deny a motion to amend a complaint after a Scheduling Order has been issued.[19] The United States Court of Appeals for the Fifth Circuit has applied a four-part test to determine whether a district court's refusal to modify its scheduling order was an abuse of discretion. The factors to be considered are: (1) the explanation for the failure to timely move for leave for amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[20] In reviewing the limited discretion that Rule 15 provides, the Supreme Court lists five

---

[16] *See* R. Doc. 28.
[17] "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16 (b)(4).
[18] *See S &W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).
[19] *See id.* at 535.
[20] *See id.* at 536.

considerations in determining whether to deny leave to amend a complaint: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment."[21] Absent a substantial reason, the Court must entertain a presumption in favor of granting parties leave to amend.[22]

### III. Analysis

The Court weighs the four-part test concerning Rule 16 to determine whether Plaintiff has shown good cause for leave to amend the complaint. As to the first factor, the explanation by a plaintiff for the failure to timely move to amend, Plaintiff asserts that "failure to [timely] file was due to no ruling being issued as to the motions to dismiss filed by the five defendants and no notice that Plaintiff's Complaint would not survive scrutiny."[23] The Court is not persuaded by this argument. In fact, the Court notes that, if this argument held water, then no plaintiff would move to amend a complaint until a motion to dismiss was granted which, on its face, would appear too late.

Plaintiff also argues that she had no notice that her initial complaint was lacking.[24] In their Opposition, Defendants point out that Plaintiff had been on notice

---

[21] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[22] *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).
[23] *See* R. Doc. 39.
[24] *See* R. Doc. 33-1, p. 6.

at least since June 2019 of the information that the amendment will contain.[25] Specifically, the defendants direct the Court to allegations the plaintiff made in her response in opposition to the defendants' motion to dismiss.[26] The plaintiff's response quotes a news article published on May 13, 2019, and was filed on June 18, 2019, reflecting that Plaintiff has this information at least since June 2019. Plaintiff quotes the same news article in the proposed amended complaint.

The first factor falls in favor of Defendants and in favor of denying the Motion to Amend the Complaint. The second factor is the importance of the amendment. Plaintiff states that the amendment is massively important because otherwise "there will be no recourse as to multiple defendant [*sic*] and no opportunity for Plaintiff's claims to have a determination on the merits."[27] Defendant does not respond to the Plaintiff's argument regarding this particular factor. The Court finds that this factor weighs in favor of Plaintiff in this particular inquiry of the analysis.

The third factor, the potential prejudice to Defendants, weighs in favor of allowing the Amendment. This case is still relatively new, and little, if any, discovery has taken place. In fact, this trial court has issued a stay of discovery pending a ruling on Defendants' Motion to Dismiss. Further, trial is not scheduled until April 27, 2020. This factor goes hand in hand with the fourth factor, the availability of a continuance to cure such prejudice. If the Court determines that prejudice may occur, the Court may grant a continuance in this matter to afford the parties a reasonable time to

---

[25] *See* R. Doc. 34.
[26] *See* R. Docs. 34, p. 2; 17-1, p. 8.
[27] R. Doc. 33-1, p. 6.

respond to the new pleading. Because a stay of discovery is in effect, it is likely that the parties will each need time to conduct reasonable discovery. The third and fourth factors weigh, slightly, in favor of Plaintiff.

Because the Court finds that the factors under Rule 16 weigh in favor of Plaintiff, the Court now conducts an analysis under Rule 15, which requires an analysis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment."[28]

Defendants argue that leave to amend the complaint should be denied because the amendments would be futile. The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)."[29]

In this matter, all defendants have filed motions to dismiss. For the sake of judicial efficiency, the Court will analyze those motions to dismiss with the plaintiff's motion to amend her complaint. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief."[30] To

---

[28] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[29] *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (citations omitted).
[30] Fed. R. Civ. P. 8(a)(2).

survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief.[31] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[32] In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements; rather it looks for facts which support the elements of the pleader's claim.[33] Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion.[34] Although a complaint need not contain detailed allegations, the allegations must be enough to raise a right to relief beyond speculation.[35]

Even if the proposed amended complaint is granted, Defendants reiterate the argument in their motion to dismiss that the proposed pleading still fails to establish governmental liability against the School Board under 42 U.S.C. § 1983, which requires a plaintiff to show that (1) an official policy; (2) promulgated by the governmental policymaker; (3) was the moving force behind the violation of a constitutional right.[36] "It is well-established that a city is not liable under § 1983 on the theory of respondeat superior."[37] "A municipality is almost never liable for an

---

[31] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).
[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citation omitted).
[33] *See Twombly*, 550 U.S. at 557.
[34] *Iqbal*, 556 U.S. at 678.
[35] *See id.*
[36] *See Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009).
[37] *Id.*

isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it 'through some official action or imprimatur.'"[38] Official policy usually "exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy."[39] A policy is official only "when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy."[40] For a plaintiff to recover, she must show the policy was implemented by the municipality's policymaker.[41] Regarding the third prong of proving municipal liability, the plaintiff must show there is a direct causal link between the policy and the violation.[42]

In her proposed amended complaint, Plaintiff adds to the complaint the fact that in a letter, Defendant School Board Superintendent Melissa Martin Stilley referred to the actions of Defendant Barrilleaux and Chatelain as "too forceful and out of line with teacher expectations."[43] The letter allegedly states that the physical altercation exhibited unprofessional behavior, inappropriate comments, repeated threats, and unnecessary excessive force, "which are violations of the Tangipahoa Parish School System Employee Conduct Policy."[44] In her proposed amended complaint, Plaintiff

---

[38] *Id.*, citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).
[39] *Id.*, internal quotation marks and citation omitted.
[40] *Id.,* internal quotation marks and citation omitted.
[41] *See id.*
[42] *See id.* at 848.
[43] R. Doc. 33-2, p. 10.
[44] *Id.*

adds numerous quotes and statements from media outlets indicating that teachers at Ponchatoula Jr. High School want "guidelines for how to address student discipline" and "want policy that states what they should and shouldn't do."[45] Plaintiff further alleges in the proposed amended complaint that Defendant Arthur Barrilleaux was quoted to say numerous times in the media outlets that he was not trained by the Tangipahoa Schools on how to handle student fights: "Specifically, Mr. Barrilleaux told The Advocate, 'he neither received nor was offered the behavior response training the Tangipahoa Parish School Board has contracted for its teachers.'"[46] These statements are conclusory and do not establish the existence of any official policy or custom—in fact, the plaintiff appears to assert that there is *no* official policy. Further, the quote attributed to Defendant Barrilleaux appears to indicate that some policy may have been in place; however, Plaintiff has not provided any evidence to indicate any details of such policy. The plaintiff has not plead facts sufficient to establish governmental liability. Defendants Barrilleaux and Chatelain were not policy-making officials, and plaintiff has not established any fact that their actions were taken pursuant to any policy or widespread practice established by the School Board.[47]

Plaintiff alleges, "At all relevant times, Principal Crovetto was responsible for the daily functioning of Ponchatoula Jr. High School including hiring and firing of faculty and staff, performance evaluation of faculty and staff, ensuring a climate conducive

---

[45] R. Doc. 33-2, p. 11.
[46] R. Doc. 33-2, p. 12.
[47] *See City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985).

to education, monitor student achievement, monitor school safety and a multitude of other managerial tasks."[48] Plaintiff provides that Mary Beth Crovetto was employed as principal by the School System/School Board.[49] Plaintiff claims that Mary Beth Crovetto and Melissa Martin Stilley are personally liable for the alleged actions of Mr. Barrilleaux and Mr. Chatelain under the Fourteenth Amendment:

> Principal Crovetto and Superintendent Stilley are personally liable to E.H. for Mr. Chatelain and Mr. Barrilleaux's violations of E.H.'s constitutional rights under the Fourteenth Amendment because: (a) they were acting under the color of law; (b) they knew or should have known that Mr. Chatelain and Mr. Barrilleaux had a history of confrontational, abusive, and/or violent interactions with students in the past; (c) they exercised deliberate indifference toward the constitutional rights of E.H. by failing to take action that was obviously necessary to prevent an abusive or violent attack by Mr. Chatelain and/or Mr. Barrilleaux; and (d) the violation of E.H.'s constitutional rights were made possible and/or caused by the deliberate indifference of Principal Crovetto and Superintendent Stilley.

R. Doc. 33-2, p. 11. "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties arising out of tort law."[50] Section 1983 applies local government entities and persons.[51] However, local governments and persons, supervisory officials, "may not be found vicariously liable for the actions of their subordinates under § 1983."[52] Supervisors can be liable for "deliberate

---

[48] R. Doc. 33-2, p. 4.
[49] *See id.*
[50] *Bank of New York Mellon v. Smith*, 180 So. 3d 1238, 1243 (La. 2015).
[51] *See Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994).
[52] *Id.*

indifference."[53] Plaintiff has a substantive due process right to bodily security.[54] The Fifth Circuit has adopted a test, "which determines the personal liability of school officials in physical sexual abuse cases."[55] Although the Plaintiff does not allege sexual abuse, the Court finds the test applies in the case at hand alleging physical abuse, and the plaintiff must show:

> (1) the defendant learned of facts or a pattern of inappropriate . . . behavior by a subordinate pointing plainly toward the conclusion that the subordinate was . . . abusing the student; and
> (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and
> (3) such failure caused a constitutional injury to the student.

*Doe v. Taylor Independent School Dist.*, 15 F.3d 443, 454 (5th Cir. 1994). The plaintiff alleges that Principal Crovetto and Superintendent Stilley knew or should have known Mr. Chatelain and Mr. Barrilleaux had a history of confrontational, abusive, and/or violent interactions with students in the past, and that they exercised deliberate indifference toward the constitutional rights of E.H. by failing to take action that was obviously necessary to prevent an abusive or violent attack against Plaintiff. These are conclusory statements. Plaintiff does not allege any facts to support allegations that Mr. Chatelain and Mr. Barrilleaux had a history of violent interactions, nor does Plaintiff allege any facts to support that Principal Crovetto and Superintendent Stilley knew or should have known that Mr. Chatelain and Mr. Barrilleaux had any such history.

---

[53] *Id.*
[54] *See id.* at 454.
[55] *Id.*

Defendants note that Plaintiff "also appears to be attempting to make state law negligent training allegations as to the School System/School Board."[56] That would require more from Plaintiff than the mere conclusions stated in the proposed pleading:

> A claim against an employer for the torts of an employee based on the employer's alleged direct negligence in hiring, training, or supervising the employee is generally governed by the same duty-risk analysis used for all negligence cases in Louisiana. That is, in order to recover against an employer for its own negligence, the plaintiff bears the burden of proving each of five separate elements: duty, breach of duty, cause-in-fact, scope of liability or scope of protection, and damages.

*Pelitire v. Rinker*, 18-501 (La. App. 5 Cir. 1/17/19) 270 So. 3d 817, 837. Plaintiff has not proven these five elements of duty, breach of duty, cause-in-fact, scope of liability, and damages, with regard to Defendants Mary Beth Crovetto, Melissa Martin Stilley, and Tangipahoa Parish School System School Board. The Court finds that the proposed pleading would not survive a Rule 12(b)(6) motion in regard to those defendants. Thus, the Court grants Defendants Mary Beth Crovetto, Melissa Martin Stilley, and Tangipahoa Parish School System School Board's Motion to Dismiss[57] and those defendants are dismissed from this action.

Allowing Plaintiff to amend the complaint would be futile against some defendants but not all. Defendants Barrilleaux and Chatelain move to dismiss the plaintiff's claims, stating that the allegations are broad, conclusory, and not grounded in reality. The Court finds that the allegations stated in the amended complaint meet

---

[56] R. Doc. 34, p. 7.
[57] R. Doc. 14.

the generic pleading requirements of Rule 8 as to Defendants Barrilleaux and Chatelain. The Court is not making a determination as to the merits of Defendants' Barrilleaux and Chatelain's Motion to Dismiss.[58] The Court denies the motion to dismiss without prejudice on this basis alone.

IV. **Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint (R. Doc. 33) is GRANTED;

IT IS HEREBY FURTHER ORDERED that Defendants Mary Beth Crovetto and Melissa Martin Stilley, individually and in their official capacities, and Tangipahoa Parish School System School Board's Motion to Dismiss for Failure to State a Claim (R. Doc. 14) is GRANTED. Plaintiff's claims against these defendants are hereby DISMISSED WITH PREJUDICE.

IT IS HEREBY FURTHER ORDERED that Defendants Arthur Barrilleaux and Brett Chatelain's Motion to Dismiss for Failure to State a Claim (R. Doc. 22) is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this the 18th day of February, 2020.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[58] R. Doc. 22.